IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. LEE,<br>　　Petitioner | : : : | |
| | : | No. 1:22-CV-00158 |
| v. | : : | (Judge Rambo) |
| WARDEN E. BRADLEY,<br>　　Respondent | : : : | |

## MEMORANDUM

Pro se Petitioner Michael A. Lee ("Petitioner") brought this habeas corpus action under 28 U.S.C. § 2241, seeking restoration of his good conduct time ("GCT") so that he could be released from custody. (Doc. No. 1.) At the time he filed his petition, Petitioner was in the custody of the United States Bureau of Prisons ("BOP"). (Id.) Petitioner, however, has since been released from BOP custody. Thus, for the reasons that are set forth below, the Court will dismiss his § 2241 petition as moot.

**I.    BACKGROUND**

On January 31, 2022, Petitioner, who was then incarcerated at United States Penitentiary Canaan in Waymart, Pennsylvania, commenced this habeas corpus action by filing a petition under 28 U.S.C. § 2241. (Id.) In his petition and supporting memorandum of law, he asserts that his Fifth Amendment due process rights were violated during a disciplinary hearing concerning Incident Report No. 3513619 ("Incident Report"). (Id. at 2-3, 7; Doc. No. 2.) More specifically, he

asserts that he was denied video evidence, as well as a witness, during the hearing. (Id.)  As for relief, he requests the Court to order the BOP to expunge the Incident Report, to restore his GCT, and to recalculate his sentence so that he can be released from custody.  (Id. at 8.)  Along with his petition, he has also paid the filing fee.  (Doc. No. 6.)

On March 3, 2022, the Court issued an Order, directing service of the § 2241 petition on Respondent Warden E. Bradley ("Respondent") and the United States Attorney.  (Doc. No. 8.)  The Court also ordered Respondent to file an answer, motion, or other response to the allegations in the petition within twenty (20) days. (Id.)  On March 23, 2022, Respondent filed a response, arguing that Petitioner's claims are without merit.  (Doc. No. 12.)  On April 1, 2022, Petitioner filed a traverse.  (Doc. No. 13.)

Shortly after filing his traverse, Petitioner informed the Court that he was scheduled to be released from incarceration on April 5, 2022, and he provided the Court with an updated address.  (Doc. No. 14.)  In an effort to confirm his release, the Court accessed the BOP's online inmate locator, which demonstrates that Petitioner was released from BOP custody on April 5, 2022.[1]

---

[1] Upon entering Petitioner's register number, 19864-056, into the BOP's online inmate locator system, https://www.bop.gov/inmateloc/, his status was returned as follows: "MICHAEL ANTRANTR LEE . . . Register Number: 19864-056 . . . Released On: 04/05/2022."

2

## II. DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)). In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" See id. at 406 (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody may obtain judicial review of a habeas corpus petition by showing that he continues to suffer from secondary or collateral consequences of his conviction or sentence. See id. (citations omitted); Burkey, 556 F.3d at 147. Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served." See

3

Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009) (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, courts do not presume that a conviction or sentence carries secondary or collateral consequences.  See Abreu, 971 F.3d at 406 (citing Burkey, 556 F.3d at 148).  Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'"  See id. (quoting Burkey, 556 F.3d at 148).  For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'"  See id. (quoting Burkey, 556 F.3d at 148).

Consistent with these principles, the Court finds that Petitioner has received the relief that he seeks in his petition—that is, to be released from BOP custody. Moreover, because his petition challenges a sentence that has already been served, secondary or collateral consequences are not presumed by the Court.  See Burkey, 556 F.3d at 148 ("Where . . . the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven."). Petitioner, however, has not alleged, much less demonstrated to the Court, that he suffers from any secondary or collateral consequences arising from the loss of his GCT since being released from custody.  Thus, for all of these reasons, the Court finds that his petition is moot.

## III.  CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss, as moot, Petitioner's § 2241 petition.  An appropriate Order follows.

s/ Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge